[No. 19455.   Department Two.—July 11, 1895.]

GEORGE L. MESNAGER, APPELLANT, v. GEORGE
ENGELHARDT ET AL., RESPONDENTS.

HUSBAND AND WIFE—SEPARATE PROPERTY OF WIFE—VOID GRANT BY
    HUSBAND—RIGHT TO REVOKE DEED.—A husband, who has no author-
    ity from the wife, cannot grant a right to build a dam and make a ditch
    in a creek bordering on her land, and the wife is not bound to allow
    the maintenance of a dam in the creek upon her property against the
    construction of which she has protested, nor to allow the appropriation
    of water to which she is entitled by means of such dam.
ID.—DIVERSION OF WATER—CHANGE OF POINT OF DIVERSION—EASEMENT.
    Where the owner of a tract of land bordering upon a creek above land
    which is the separate property of a married woman diverted the water
    upon his upper land, and carried it by a ditch across her land under the
    grant of a right of way therefor, and a right to construct new ditches
    or pipe lines across her land, he is not entitled, against her protest, to
    enter upon her land to change his point of diversion, and to erect a dam
    upon her land under a void grant of such right executed by her hus-
    band alone.
ID. — AMBIGUITY IN FINDINGS — DECREE—DAMNUM ABSQUE INJURIA. —
    Where the court finds the existence of the right of way and the nature
    and extent of an easement to which the plaintiff is entitled for the pur-
    pose of transporting water across the land of defendants, and that the
    defendants interfered with plaintiff in the enjoyment of his easement,
    and by the decree he was given all the relief to which he was entitled,
    which adjudged him to have no right to build any dam upon the de-
    fendant's land, the fact that the court also found that his crops would
    suffer damage from interference with the relaying of his water-pipes
    along his right of way and rebuilding his dam at the point of diversion,
    is not ground for a reversal of the judgment; but, so far as concerns any
    damage to his crops from the construction of the dam upon defendants'
    land, the interference of the defendants therewith was *damnum absque
    injuria*, of which the plaintiff has no just cause to complain.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
J. W. MCKINLEY, Judge.

The facts are stated in the opinion of the court.

*Horace Bell*, for Appellant.

The right to construct a ditch without the right to
divert water into it by means of the necessary erection
of a dam would be of no beneficial use, and the grant
of the right to construct a ditch carried with it the
necessary right to erect a dam.   (Code Civ. Proc., sec.

1860; Washburn on Easements and Servitudes, 4th ed., 49, 55.) The wife should be estopped to deny the agency of her husband, after having stood by and seen the plaintiff expend money on the strength of his action. (Washburn on Easments and Servitudes, 112; Mecham on Agency, sec. 86; *Flickinger* v. *Shaw*, 87 Cal. 126; 22 Am. St. Rep. 234.)

*Will D. Gould*, for Respondents.

The plaintiff could not change the point of diversion by erecting a dam upon the land of Mrs. Engelhardt, and diverting water from her land without her consent. (*Allen* v. *San Jose Land & Water Co.*, 92 Cal. 138; *Barrows* v. *Fox*, 98 Cal. 63; *Natoma Water & Min. Co.* v. *Hancock*, 101 Cal. 42.)

HENSHAW, J.—Appeals from the judgment and from the order denying a new trial.

The action was for an injunction. Plaintiff alleged that he was "the owner of a right of way, and in particular for the purpose of laying a pipe line and the erection of a dam, and the construction of ditches, and for the doing of any work necessary for the diversion of the water flowing in the Verdugo creek, over the following described land." The land is then described. Next follows a description of the "particular right of way" claimed, which commenced at "the point where the dam constructed by the plaintiff in 1892 was situated," and extends over and across the land of defendants to the point where "said pipe line constructed by plaintiff in 1892 crossed the northeasterly line of defendants' land."

Plaintiff then avers the interference of defendants, their preventing him "from entering upon said land and from using his right of way for the purposes aforesaid," and his damage, and prays "that his right of way over the land described in his complaint, and in particular for ditches, dams, and pipe lines, for the purpose of diverting the water from the said Verdugo creek,

be declared good and valid forever," and for a perpetual injunction.

The defendants for answer made denial, and the facts as disclosed by the evidence and found by the court proved to be that the land upon which the dam was to be constructed and the ditches dug, and over which the pipes were to be laid, was the separate property of the wife of defendant George Engelhardt. In 1891 the husband, without authority from his wife, attempted to convey, by instrument in writing to plaintiff, the right "to build a dam and make a ditch in the Verdugo creek, and on my north line as near as possible from the northeast corner, about two hundred feet, more or less, providing said dam and ditch will not interfere with any private entrance."

In April, 1892, the Engelhardts, husband and wife, granted to plaintiff "the right of way over their land for all purposes, and also the right to use a certain water ditch, now existing on the place, to run his own water along with theirs, or to build new ditches, and so forth."

Under these instruments plaintiff assumed the right to construct a dam upon defendants' land, obstructing the natural flow of the creek waters, and to lay a pipe line to conduct these waters to his lands; and, in 1892, entered upon the lands, and, with the assistance of George Engelhardt, built a dam and laid his pipe line at an expense of two thousand dollars. The dam was injured by the floods of the following winter, and in 1893 plaintiff again attempted to enter upon defendants' land to relay his pipes and rebuild the dam, when he was forcibly prevented by defendants.

Mrs. Engelhardt testified that her husband had no authority to execute the first attempted grant to plaintiff, and that she did not know of the dam until after it was constructed. She declared that she did not object to plaintiff's digging a ditch or laying pipes across her land to take his own water from the creek, but did

object to his building a dam and taking her own water from her property.

Under this evidence plaintiff would not be entitled either to build such a dam on defendants' land or to appropriate any of the waters of the creek rightfully belonging to defendant Jesus de Engelhardt, and the court so concluded. The husband was not shown to be the agent of the wife, nor was she bound to allow the maintenance of a dam against the construction of which she protested, nor the appropriation of her water by means of it.

The difficulty arises solely in construing the findings, which it is contended are inconsistent with themselves, do not support the conclusions and decree, and do not entitle plaintiff to the relief sought.

It will be noticed that the complaint does not in terms aver a right in plaintiff, by grant, appropriation, or prescription, to divert the waters of the creek upon defendants' land, but somewhat curiously pleads a right of way for the doing of any work necessary for such diversion. Plaintiff is the owner of a tract of land bordering upon the creek above the lands of the Engelhardts. He diverted the water upon this upper land and carried it by ditch across defendants' land onto his lower tract. The easement granted gave him the right to construct new ditches or pipe lines for this purpose, but under it he wrongfully asserted the right, as has been seen, to dam the creek upon defendants' land and make there a new point of diversion. By the decree he was given all to which he was justly entitled.

The alleged ambiguity or inconsistency in the findings is not sufficient to justify a reversal of the case. The court first finds, with much particularity, the right of way and the nature and extent of the easement to which plaintiff is entitled. It is a right of way for the purpose of transporting plaintiff's water across defendants' land, and not a right of way for the construction of a dam. The defendants are found to have interfered with plaintiff in the enjoyment of his easement. And

it is then found that plaintiff's crops will suffer great damage "unless defendants are restrained from further interfering with and obstructing plaintiff, as aforesaid, in relaying his said water-pipes along his said right of way, and *rebuilding his dam at the point of diversion aforesaid.*" By the decree defendants are enjoined from interfering with the plaintiff's right of way for the laying of pipes and construction of ditches, and plaintiff is adjudged to have no right to build any dam or do any work for the purpose of diverting the water of the creek upon defendants' land. The inconsistency, it is charged, is found in the italicized portion of the finding above quoted when read with the decree. But while plaintiff and his crops suffered from the interference of defendants with his acts, some of which were legal and others illegal, and while these acts are all grouped and collectively declared against, it plainly appears that, so far as concerns the construction of the dam, the interference caused *damnum absque injuria,* since plaintiff had no just cause of complaint against it.

The judgment and order are affirmed.

TEMPLE, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.